# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

REGINA WARFEL,

    Plaintiff,

    v.

CHASE BANK USA, N.A., et. al.,

    Defendants.

Case No. 2:11-cv-699
JUDGE GREGORY L. FROST
Magistrate Judge Mark R. Abel

## OPINION AND ORDER

This matter is before the Court upon consideration of Plaintiff's Motion for Voluntary Dismissal Pursuant to F.R.C.P. 41(a)(2) (ECF No. 23), Defendant Chase Bank USA, N.A.'s Motion to Transfer (ECF No. 26), Defendant Chase Bank USA, N.A.'s Opposition to Motion for Voluntary Dismissal (ECF No. 27), and Plaintiff's Memorandum in Further Support of Motion for Voluntary Dismissal and in Opposition to Chase's Motion to Transfer (ECF No. 28). For the reasons that follow, the Court **GRANTS** Plaintiff's motion and **DENIES as MOOT** Defendant's motion.

### I. Background

Plaintiff Regina Warfel ("Plaintiff") filed a complaint with this Court on August 4, 2011 against Chase Bank USA, N.A. ("Chase"), Trilegiant Corporation, Inc. ("Trilegiant"), Affinion Group, LLC ("Affinion"), and Apollo Global Management, LLC ("Apollo") (collectively, "Defendants"). (ECF No. 2.) Plaintiff alleges that Defendants participated in a widespread fraudulent marketing scheme that resulted in unauthorized charges to consumers' credit or debit

1

cards.

Plaintiff's complaint was the fifth in a string of cases that alleged this same general scheme. The first of these complaints was filed and is currently ongoing in the District of Connecticut.[1] The next three were filed in the Eastern District of New York, the District of Arizona, and the District of Oregon.[2] Subsequent to Plaintiff's filing a complaint in this case, a sixth plaintiff filed a similar complaint in the Southern District of New York.[3] All six complaints name Trilegiant and Affinion as defendants. Chase is a defendant in the Eastern District of New York action but not the District of Connecticut action.

On October 11, 2011, the plaintiffs in the six related actions jointly moved the United States Judicial Panel on Multidistrict Litigation ("Judicial Panel") for an order consolidating the six cases pursuant to 28 U.S.C. §1407 in the District of Connecticut. (ECF No. 9.) This Court ordered a stay in this action pending the Judicial Panel's decision. (ECF No. 12.) By order dated December 9, 2011, the Judicial Panel denied the plaintiffs' request, stating: "The movants have not convinced us that any common factual questions are sufficiently complex or numerous to justify a Section 1407 transfer at this time." *In re Trilegiant Membership Program Mktg. & Sales Practice Litig.*, No. MDL 2310, 2011 WL 6150598, at *1 (J.P.M.L. Dec. 9, 2011). This action resumed that same day. (ECF No. 14.)

Shortly thereafter, on December 23, 2011, Plaintiff filed a Rule 41(a)(1)(A)(i) Notice of

---

[1] *Schnabel v. Trilegiant Corp., et al.*, No. 10-cv-00957 (D. Conn. filed June 17, 2010).

[2] *Frank v. Trilegiant Corp., Inc., et al.*, No. 10-cv-5211 (E.D.N.Y. filed Nov. 10, 2010); *Restrepo v. Chase Bank, N.A., et al.*, No. 11-cv-00423 (D. Ariz. filed Jul. 13, 2011); *Auerbach v. Avis Rent A Car System, LLC, et al.*, No. 11-cv-00843 (D. Ore. filed Jul. 14, 2011).

[3] *See Khanna v. Am. Express Co.*, et al., No. 11-cv-06245 (S.D.N.Y. filed Sept. 7, 2011).

Voluntary Dismissal pertaining to defendants Trilegiant, Affinion, and Apollo. Plaintiff now seeks a court order dismissing Chase, which filed an answer to Plaintiff's complaint on December 16, 2011 (ECF No. 16), without prejudice pursuant to Rule 41(a)(2). (ECF No. 23.)

Though it is unclear exactly which law firms are involved in which cases, it appears that there is substantial overlap in the firms representing the plaintiffs in the six related cases. Plaintiff suggests that the plaintiffs and their counsel in these six cases are coordinating to file an omnibus complaint against all defendants (including Chase) in the District of Connecticut. (*See* ECF No. 23 at 2.) To this end, Plaintiff asserts that "[a]ll the defendants in all related actions have been voluntarily dismissed pursuant to Rule 41(a)(1)(A), with the lone exception of Chase. Plaintiff's counsel has moved to voluntarily dismiss Chase under Rule 41(a)(2) in each of the related actions where Chase has filed an answer." (*Id*. at 2 n. 2.) There is a similar Rule 41(a)(2) motion to voluntarily dismiss the case against Chase currently pending in the Eastern District of New York. (*See id*.)

Chase filed its opposition to Plaintiff's motion with this Court on January 26, 2012. (ECF No. 27.) Simultaneously with this motion, Chase filed a motion to transfer this action to the Eastern District of New York pursuant to 28 U.S.C. §1404(a). (ECF No. 26.)

## II. Plaintiff's 41(a)(1)(A)(i) Dismissal

As an initial matter, the Court notes that Rule 41(a)(1)(A)(i) not the proper vehicle to dismiss less than the entirety of an action in the Sixth Circuit. *See Crozin v. Crown Appraisal Group, Inc.*, No. 10-581, 2012 U.S. Dist. LEXIS 876, at *4–*5 (S.D. Ohio Jan. 4, 2012) (citing *Letherer v. Alger Group, L.L.C.*, 328 F.3d 262, 265-66 (6th Cir. 2003), *recognized as overruled on other grounds in Blackburn v. Oaktree Capital Mgmt., LLC*, 511 F.3d 633, 636 (6th Cir.

2008)); *Coleman v. Ohio State Univ. Med. Ctr.*, No. 11-0049, 2011 U.S. Dist. LEXIS 83813, at *6 (S.D. Ohio Aug. 1, 2011). The dismissal of individual parties should be accomplished pursuant to Rules 15 and 21. *Crozin Appraisal Group,* 2012 U.S. Dist. LEXIS at *5. Thus, the Rule 41(a)(1)(A)(i) Notice of Voluntary Dismissal was not the correct maneuver to effectuate dismissal of the case against Trilegiant, Affinion, and Apollo.

The Court recognizes that filings are to be construed by their substantive content and not by their labels. *Coleman*, 2011 U.S. Dist. LEXIS at *6. It will therefore construe Plaintiff's December 23, 2011 Notice of Voluntary Dismissal (ECF No. 18) as a Rule 21 motion to sever the claims against defendants Trilegiant, Affinion, and Apollo from the claim against Chase. Finding no objection to this course of action, the Court considers Plaintiff's claims against Trilegiant, Affinion, and Apollo to be severed from the present action and voluntarily dismissed, leaving Chase as the sole defendant.

### III. Plaintiff's 41(a)(2) Motion for Voluntary Dismissal Without Prejudice

**A. The Court declines to transfer this case pursuant to the first-to-file rule or Section 1404 before it considers Plaintiff's Rule 41(a)(2) Motion.**

Chase offers two reasons why this Court should consider its motion to transfer pursuant to 28 U.S.C. §1404 before considering Plaintiff's Rule 41 motion. First, Chase cites the "first-to-file" rule and argues that, because the Eastern District of New York action preceded the action here, this Court should immediately transfer this case to New York without considering Plaintiff's motion.[4] Absent a transfer, Chase asserts that "multiple courts will be called upon to

---

[4] Chase contends that the pending action in Connecticut (which preceded the New York action) differs from the pending actions here and in New York and thus is not relevant to the first-to-file analysis.

make duplicative and potentially inconsistent decisions on the same Rule 41 dismissal question." (ECF No. 26-1 at 13.) Second, Chase argues that granting Plaintiff's motion is akin to approving a "de facto" transfer to Connecticut, and that "this Court should not grant a Rule 41 dismissal without first considering whether transfer to New York would be superior to Plaintiff's request for a de facto transfer to Connecticut." (ECF No. 26-1 at 12.) Chase essentially argues that Section 1404 favors transfer to New York rather than Connecticut. Chase's arguments are not well taken.

The first-to-file rule provides that "when actions involving nearly identical parties and issues have been filed in two different district courts, 'the court in which the first suit was filed should generally proceed to judgment.' " *Zide Sport Shop of Ohio, Inc., v. Ed Tobergate Assoc., Inc.*, 16 Fed. Appx. 433, 437 (6th Cir. 2001). The rule serves to prevent duplicative litigation and promote judicial efficiency. *Graessle v. Nationwide Credit, Inc.*, No. 06-cv-00483, 2007 US Dist LEXIS 24870, at *8 (S.D. Ohio Mar. 21, 2007); *Plating Resources, Inc. V. UTI Corp.*, 47 F.Supp. 2d 899, 903 (N.D. Ohio 1999).

Section 1404(a) provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. §1404(a).

The Court finds that the first-to-file rule does not apply to the present circumstances of this action. A Rule 41 motion, if granted, would dismiss the case from this Court and thus nullify the concern underlying the first-to-file rule—that duplicative cases would be pending in this Court and in the court of first filing. This Court will not opine on what will or will not happen if Plaintiff refiles her case in another district. If and when Plaintiff refiles her case, the

court in the jurisdiction in which she refiles will determine, based on the facts before it, whether or not jurisdiction is proper and whether transfer is appropriate.

The Court further notes that the considerations underlying the first-to-file rule do not apply here because a Rule 41(a)(2) decision does not go to the merits of the case. While inconsistent rulings on the merits of two related cases may be problematic, inconsistent rulings based on Rule 41(a)(2)—a case-specific analysis based on the posture of that case—are not. Dismissal without prejudice may be appropriate here when this case is in the nascent stages of litigation; dismissal without prejudice may not be appropriate in another court in which the case is further advanced.

Moreover, this Court is unpersuaded by Chase's argument that the Court must entertain a Section 1404 transfer analysis before addressing a Rule 41(a)(2) motion. Courts have held that a Section 1404 analysis is entirely distinct from a Rule 41(a)(2) analysis. *See, e.g.*, *Environ Products, Inc. v. Total Containment, Inc.*, No. 94-7118, 1995 WL 459003, at *4 (E.D. Pa. July 31, 1995) ("[T]he analysis performed, or conclusions reached, under the transfer of venue statute have no bearing upon the resolution of the [Rule 41(a)(2)] motion. Instead, this Court must determine whether voluntary dismissal will legally prejudice the defendants."). The Court is not barred from granting a Rule 41(a)(2) motion just because it might not have reached the same conclusion in the context of Section 1404. Instead, the court in the jurisdiction in which Plaintiff refiles her case will decide whether Section 1404 supports transfer based on the circumstances of that case. This Court need not, as Chase argues, decide which venue is proper between the District of Connecticut and the Eastern District of New York.

**B. The Rule 41(a)(2) factors weigh in favor of granting Plaintiff's motion to voluntarily dismiss.**

Pursuant to Rule 41(a)(2), an action may be dismissed at the plaintiff's request only by court order and on terms that the court considers proper. Fed. R. Civ. P. 41(a)(2). Dismissal pursuant to Rule 41(a)(2) rests "within the sound discretion of the district court." *Grover v. Eli Lilly and Co.*, 33 F.3d 716, 718 (6th Cir. 1994).

The Court's decision to grant/deny Plaintiff's Rule 41 request hinges on "whether a 'without prejudice' dismissal would cause [Chase] to suffer plain legal prejudice." *Univ. Estates, Inc. v. City of Athens*, No. 2:09-cv-758, 2011 U.S. Dist. LEXIS 53414, at *4–*5 (S.D. Ohio May 18, 2011) (citing *Perkins v. MBNA Am.*, 43 F. App'x 901, 902 (6th Cir. 2002), *Jones v. Lemke*, 178 F.3d 1294, 1999 WL 107984, at *2 (6th Cir. 1999) (unpublished table decision), *Grover*, 33 F.3d at 718 (6th Cir. 1994)). In making this determination, the Court must consider four factors: (1) Chase's effort and expense in preparation of trial; (2) any excessive delay and lack of diligence on the part of Plaintiff in prosecuting the action; (3) the sufficiency of Plaintiff's explanation for the need of the dismissal; and (4) whether Chase has filed a motion for summary judgment. *Maldonado v. Thomas M. Cooley Law Sch.*, 65 F. App'x 955, 956 (6th Cir. 2003) (citing *Grover*, 33 F.3d at 718). Courts have consistently held that "plain legal prejudice" does not result merely from the prospect of a second lawsuit on identical issues. *Jones v. S. Cent. Power Co.*, No. 04-883, 2005 WL 1309088, at *1 (S.D. Ohio May 31, 2005); *B & J Mfg. Co. v. D.A. Frost Indus., Inc.*, 106 F.R.D. 351, 352 (N.D. Ohio 1985); *Grover*, 33 F.3d at 718.

Here, granting Plaintiff's dismissal request would not cause Chase to suffer "plain legal prejudice." So far in this action, Chase has filed an answer and participated in filing a Rule 26(f) Report with Plaintiff. (ECF Nos. 16, 22.) The Court agrees with Plaintiff that this action is in the "nascent" stages of litigation. Chase's claim that this Court should consider the time it spent

7

litigating similar claims in different courts is not relevant to the question of whether dismissal is appropriate here. As stated earlier, if and when Plaintiff refiles her case elsewhere, the new court will determine, based on the facts before it, whether transfer is appropriate. The first factor therefore weighs in Plaintiff's favor.

The second factor also weighs in Plaintiff's favor. Plaintiff brought this action in August of 2011, and the case was stayed from October 11, 2011 through December 9, 2011. Plaintiff began the process of voluntarily dismissing this action shortly after the case reopened. The Court does not find that this five month period constitutes "excessive delay" or a "lack of diligence" on Plaintiff's part.

Contrary to Chase's view, the Court also finds that Plaintiff has given a sufficient explanation as to why she requests dismissal. Plaintiff applied to the Judicial Panel in order to consolidate her case with others alleging similar facts; she now seeks to accomplish that goal in a more informal matter. The Judicial Panel denied the MDL request because the complaints differed regarding some of the named defendants and the "alleg[ed] varied RICO enterprises." *In re Trilegiant Membership Program Mktg. & Sales Practice Litig.*, No. MDL 2310, 2011 WL 6150598, at *1 (J.P.M.L. Dec. 9, 2011). The Judicial Panel noted that there were "relatively few involved counsel [in the six actions]" which would "facilitate informal coordination and cooperation across the actions." *Id*. Nothing in the Order suggests that the Judicial Panel would be opposed to informal consolidation or that filing a new omnibus complaint against all defendants would somehow "circumvent" the Panel's order. Finally, just because the District of Connecticut might not consolidate the cases or might ultimately transfer the case, this fact does not render Plaintiff's explanation insufficient for purposes of this analysis. The Court therefore

finds that the third favor also weighs in Plaintiff's favor.

Chase has not filed a motion for summary judgment so the fourth factor weighs in Plaintiff's favor as well.

Finding that all factors weigh in Plaintiff's favor, the Court finds that granting Plaintiff's Rule 41 motion would not cause Chase to suffer plain legal prejudice. Accordingly, dismissal of this action without prejudice is proper pursuant to Rule 41(a)(2).

### IV. Conclusion

The Court has considered Plaintiff's motion in light of the factors that apply to a Rule 41(a)(2) analysis in this circuit. Finding it appropriate to consider Plaintiff's motion, and finding that all factors weigh in favor of Plaintiff, the Court hereby **GRANTS** Plaintiff's Motion for Voluntary Dismissal Pursuant to F.R.C.P. 41(a)(2), (ECF No. 23), and **DENIES as MOOT** Defendant Chase Bank USA, N.A.'s Motion to Transfer (ECF No. 26).

**IT IS SO ORDERED.**

    /s/ Gregory L. Frost
GREGORY L. FROST
UNITED STATES DISTRICT JUDGE